# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**TIZAZU F. AREGA,**

                                               **Civil No.  2:18–cv–1486**

     **Movant,**                                **Judge George C. Smith**

                                               **Magistrate Judge Chelsey M. Vascura**

     **v.**

**TIMOTHY SHOOP, WARDEN,**
**CHILLICOTHE CORRECTIONAL INSTITUTE,**

     **Respondent.**

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1–1.)  Petitioner seeks release from confinement pursuant to a state court judgment in a criminal action.  This case has been referred to the undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has also filed three additional motions including a motion seeking leave to proceed *in forma pauperis*. (ECF No. 1.)  Upon consideration, the Court finds that Motion is meritorious, and, therefore, it is **GRANTED**.  It is **ORDERED** that Petitioner will be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  Petitioner's other motions, a motion for the appointment of counsel and a motion for a report on the status of this action, are both **DENIED as moot** in light of the undersigned's recommendations.  (ECF Nos. 2, 5.)

 Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court must conduct a preliminary review to determine whether "it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears that Petitioner is not entitled to relief in this Court because his petition is successive. Accordingly, the Undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

## Facts and Procedural History

In his petition, Petitioner challenges his 2012 conviction for rape in the Court of Common Pleas for Franklin County, Ohio. (ECF No. 1–2, at PAGEID # 62.) Petitioner appears to assert that his rape conviction violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because the indictment charged him with engaging in sexual contact with the victim via vaginal penetration but the jury returned a verdict finding that he had engaged in sexual contact with the victim via vaginal intercourse.[1] This is not, however, Petitioner's first request for federal habeas relief. Specifically, on June 24, 2016, Petitioner filed a petition in this Court challenging the very same conviction. *Arega v. Chillicothe Corr. Inst.*, 2:16–cv–00618, ECF No. 2. In that petition, Petitioner alleged ineffective assistance of trial counsel, prosecutorial misconduct, ineffective assistance of appellate counsel, and that he was actually innocent of the charges against him. On October 4, 2016, the prior petition was dismissed because it was barred by the one-year limitations period set forth in § 2244(d), and because

---

[1] Ohio law provides that sexual contact means "vaginal intercourse" and that "[p]enetration, however slight, is sufficient to complete vaginal . . . intercourse." O.R.C §2907.01(A).

equitable tolling of that one-year period was not warranted.  (ECF No.12.)  Accordingly, the instant petition is clearly a second or successive petition.

## Law and Analysis

Petitioner's claims in this action are properly asserted under 28 U.S.C. § 2254 instead of § 2241.  *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (explaining that although a federal prisoner may collaterally attack the lawfulness of a sentence under 28 U.S.C. § 2255 and the execution of a sentence under § 2241, a state court prisoner can use § 2254 to assert both types of challenges).  Section 2254 applies in post-trial situations where a plaintiff is "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a); *see also Atkins v. Michigan,* 644 F.2d 543, 546 n. 1 (6th Cir.), *cert. denied,* 452 U.S. 964 (1981).  Such is the case here.

Moreover, it plainly appears that Petitioner is not entitled to relief in this Court.  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post–conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing a petitioner to file one.  28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).  Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

As discussed, Petitioner's previous petition was dismissed as barred by AEDPA's one-year statute of limitations.  "[I]t is well-settled that when the prior petition is dismissed because the petitioner procedurally defaulted his claims in state court or because the petition is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims[.]"  *Sudberry*

*v. Warden, Leb. Corr. Ins.*, No. 1:17-cv-45, 2017 WL 1050493, at *2 (S.D. Ohio Feb. 28, 2017).

In such a case, "the petitioner must obtain prior authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application." *Id.*

Applying the foregoing, the undersigned concludes that this Court is without jurisdiction to entertain the instant petition unless it is authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will authorize a successive petition only if Petitioner makes a *prima facie* showing that the claim he seeks to assert relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in a district court without §2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or **successive petition** for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id.* at 47.

### Recommended Disposition

Therefore, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive. The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o:

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

The Clerk is further **DIRECTED** to mail a copy of the Court's electronic docket in this matter to Petitioner with this Report and Recommendation in response to Petitioner's request. (ECF No. 3.)

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE