# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TIZAZU F. AREGA,**

      Movant,

  v.

**TIMOTHY SHOOP, WARDEN,**
**CHILLICOTHE CORRECTIONAL INSTITUTE,**

      Respondent.

Civil No. 2:18–cv–1486
Judge George C. Smith
Magistrate Judge Vascura

## OPINION AND ORDER

On January 30, 2019, the Magistrate Judge issued an Order and Report and Recommendation ("R&R") recommending that the petition for a writ of habeas corpus in this matter, (ECF Nos. 1–2, 6), be transferred to the United States Court of Appeals because it is successive within the meaning of 28 U.S.C. § 2244(b)(3(A). (ECF No. 7). Petitioner objects to that recommendation. (ECF No. 8). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections (ECF No. 8) are **OVERRULED**. The R&R (ECF No. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner challenges his 2012 conviction for rape in the Court of Common Pleas for Franklin County, Ohio. Petitioner specifically complains that the Warden of the Chillicothe Correctional Institute holds him in unlawful custody because Petitioner "was indicted on Rape by vaginal penetration" but the "the jury returned verdicts finding [Petitioner] guilty of Rape by vaginal intercourse." (ECF No. 8, at PAGEID # 136). The Magistrate Judge concluded that although Petitioner invoked 28 U.S.C. § 2241 in his petition, his claim is governed by 28 U.S.C.

§ 2254 because he is in custody pursuant to a state court judgement. 28 U.S.C. § 2254(a); *see also Atkins v. Michigan,* 644 F.2d 543, 546 n. 1 (6th Cir. 1981), *cert. denied,* 452 U.S. 964 (1981). Petitioner does not object to that conclusion.

The Magistrate Judge also correctly concluded Petitioner's *instant* petition is successive because he previously filed a federal habeas action in this Court on June 24, 2016, [1] challenging the same 2012 rape conviction. *Arega v. Chillicothe Corr., Inst.*, 2:16–cv–00618.[2] Petitioner objects to that conclusion.

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA") enacted a ban on successive habeas corpus petitions unless a circuit court of appeals grants a petitioner permission to proceed. 28 U.S.C. § 2244(b). Nevertheless, not every second–in–time or later habeas application is successive such that a petitioner must first obtain permission from a circuit court before proceeding in a district court. *In re Wogenstahl*, 902 F.3d 621, 626–27 (6th Cir. Sept. 4, 2018) (citing *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2017)). Indeed, district courts must determine whether a petition is second or successive in the first instance. *See In re: Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (remanding case so that the district court could determine in the first instance if a petitioner's claims were successive). To make such determinations, courts generally apply the abuse of the writ standard. *In re Wogenstahl*, 902 F3d at 627 (citing *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). Under that standard, a numerically second petition is

---

[1] The petition was placed in the prison mailing system on June 24, 2016, and entered on the Court's electronic docket on August 1, 2016. *Arega v. Chillicothe Corr., Inst.*, 2:16–cv–00618, ECF No. 2, at PAGEID # 56.

[2] That case was dismissed because the claims were barred by the one–year statute of limitations under 28 U.S.C. § 2244(d), and the Court declined to issue a COA. *Arega v. Chillicothe Corr., Inst.*, 2:16–cv–00618, ECF Nos. 12, 26. That Court of Appeals also denied Petitioner's request for a COA finding that reasonable jurists could not debate this Court's timelines determination. *Arega v. Chillicothe Corr., Inst.,* 17–3134, Sept. 1, 2017.

successive if it raises a claim that could have been raised in a previous petition but was not so raised either due to deliberate abandonment or inexcusable neglect. *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). A petition is not successive if it raises a claim that was not yet ripe when a first petition was filed. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945–47 (2007)). A claim is unripe when "the events giving rise to the claim had not yet occurred." *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010). "The United States Supreme Court has further explained that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *In re Tibbetts*, 869 F.3d at 406 (quoting *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) (internal quotation marks omitted). "For example, a petition is not second or successive '[i]f an individual's petition is the first to challenge a particular state judgment.'" *Id.* (quoting *In re Stansell*, 828 F.3d 412, 415 (6th Cir. 2016) (citing *Magwood*, 561 U.S. at 331–32).

Petitioner's current claim could have been included in his prior petition. The documents attached to the *instant* petition indicate that he was indicted on March 1, 2011, and that the jury returned a verdict against him on February 3, 2012. (ECF No. 1–2, at PAGEID ## 72, 68). Accordingly, his current claim, that a discrepancy between the charges in the indictment and the jury verdict violated his rights, plainly arose before he filed his prior petition on June 24, 2016. Petitioner makes no claims to the contrary. Instead, Petitioner asserts that the *instant* petition is not successive because it challenges the legality of his confinement instead of his conviction. (ECF No. 8, at PAGEID # 135). Petitioner nevertheless challenges the legality of his custody because the purported discrepancy between the indictment and the verdict allegedly invalidates his 2012 rape conviction. *See id.* In short, he challenges the same 2012 conviction, albeit indirectly. The distinction he makes is thus unavailing.

For these reasons, the Magistrate Judge correctly concluded that the *instant* petition is successive. The Magistrate Judge also correctly concluded that district courts have no jurisdiction to decide successive petitions on the merits, and that this case must be transferred to Sixth Circuit Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007); *In re Sims*, 111 F.3d 45 (6th Cir. 1997). Accordingly, Petitioner's objections are **OVERRULED**. (ECF No.8). The R&R is **ADOPTED** and **AFFIRMED**. This action is hereby **TRANSFERRED** to the United States Court of Appeals for authorization for filing as a successive petition.

  **IT IS SO ORDERED.**

                 *s/ George C. Smith*
                 **GEORGE C. SMITH, JUDGE**
                 **UNITED STATES DISTRICT COURT**